UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DAVID J. SCOTT,               )
                              )
       Plaintiff,     )   Case No. 1:95-cv-571
                              )
v.                            )   Honorable Joseph G. Scoville
                              )
PHILIP BAIR,                  )
                              )
       Defendant.     )
_____)

## OPINION DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

      This was a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Following a jury trial, the Court entered judgment in favor of Defendant Bair on March 30, 2005. Plaintiff filed a timely motion for a new trial and/or to alter judgment (docket #190) and a notice of appeal (docket #195). The Court denied Plaintiff's motion on May 12, 2005 (docket #199). Plaintiff filed a second motion for a new trial and/or to alter judgment (docket #200), which was summarily denied by the Court on June 2, 2005 (docket #203). On or about June 22, 2005, Plaintiff filed an amended notice of appeal to add the Court's order denying his second motion for a new trial and/or to alter judgment (docket #210) and a motion for leave to proceed *in forma pauperis* on appeal (docket #208). Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous or for failure to state a claim, he is barred from proceeding *in forma pauperis* on appeal under 28 U.S.C. § 1915(g). Plaintiff, therefore, will be required to pay the $255.00 appellate filing fee within thirty days from the date of entry of this order.

**Discussion**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule

against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-606 (6th Cir.1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court has entered dismissals on the grounds of frivolousness or failure to state a claim. *See, e.g., Scott v. Norton*, No. 2:03-cv-66 (W.D. Mich.) (Op. & J. 5/6/03); *Scott v. Kilchermann*, No. 1:95-cv-757 (W.D. Mich.) (Op. & J. 12/5/95); *Scott v. Johnson*, No. 1:95-cv-403 (W.D. Mich.) (Op. & J. 10/23/95); *Scott v. Ramsey*, No. 4:91-cv-138 (W.D. Mich.) (Op. & J. 10/10/91). Although three of the dismissals listed above were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. In addition, the Court previously has denied Plaintiff leave to proceed *in forma pauperis* on several occasions because he has three strikes. *See, e.g., Scott v. Babik*, No. 2:04-cv-29 (W.D. Mich.); *Scott v. Carpenter*, No. 1:04-cv-463 (W.D. Mich.); *Scott v. Pitcher*, No. 1:04-cv-312 (W.D. Mich.); *Scott v. Pallas*, No. 1:04-cv-263 (W.D. Mich.).

## **Conclusion**

In light of the foregoing, Plaintiff may not proceed *in forma pauperis* on appeal. Plaintiff has thirty days from the date of entry of this order to pay the entire filing fee for appealing a civil action, which is $255.00, to the Clerk of this Court. Plaintiff's failure to comply with this order may result in dismissal of this appeal without prejudice by the Sixth Circuit Court of Appeals.

An order consistent with this opinion will be entered.


Dated:   June 27, 2005                    /s/  Joseph G. Scoville
                                          United States Magistrate Judge \


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

- 4 -