UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DAVID J. SCOTT, #191939, | ) |
| Plaintiff, | ) Case No. 1:95-cv-571 |
| v. | ) Honorable Joseph G. Scoville |
| PHILIP BAIR, | ) |
| | ) **MEMORANDUM OPINION** |
| Defendant. | ) |

This was a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §1983. On March 30, 2005, pursuant to a jury verdict, court entered a judgment in defendant's favor on all plaintiff's claims. The judgment stated that as a prevailing party, defendant could tax his costs. (docket # 187). Defendant filed a timely motion to tax costs in the amount of $845.25. (docket # 189). Plaintiff elected not to file a response to defendant's motion.

Generally, costs other than attorney's fees are allowed as a matter of course to the prevailing party unless the court otherwise directs. FED. R. CIV. P. 54(d). This language creates a presumption in favor of awarding costs. *See Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999). In its discretion, the court does not find that any relevant factor weighs sufficiently in plaintiff's favor to provide a basis for disturbing the presumption in favor of awarding costs. *See Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Defendant's motion is supported by verification that each item of cost or disbursement was correct and had been necessarily incurred and that the services for which fees had been charged were actually and necessarily performed. Plaintiff has not objected to the reasonableness or appropriateness of any cost item

sought by defendant. The court finds that the costs sought by defendant are authorized by statute and are reasonable in nature and amount. Costs in the amount of $845.25 are therefore approved.

All costs defendant seeks to recover were incurred after the effective date of the Prison Litigation Reform Act ("PLRA"). The depositions were taken in 2004 and the trial occurred in March of 2005, years after the PLRA's effective date. Accordingly, the PLRA's statutory formula for periodic payment of taxed costs applies. *See Singleton v. Smith*, 241 F.3d at 544; 28 U.S.C. §§ 1915 (b)(2), (f)(2)(B). Under the PLRA, each plaintiff is required to make an initial payment of costs equal to twenty-percent of the greater of (a) the average monthly deposits to his prison account, or (b) the average monthly balance in his account over a six-month period. 28 U.S.C. § 1915(f)(2)(B). Plaintiff's certificate establishing prisoner account activity (docket # 220) shows an average monthly account deposit of $5.55, and twenty percent of that is $1.11. Therefore, $1.11 is immediately payable by plaintiff to the Michigan Attorney General's Office. The remaining $844.14 is to be paid by plaintiff to the Michigan Attorney General's Office by withdrawing twenty-percent of the monthly income credited to plaintiff's account until paid in full. 28 U.S.C. § 1915(b).

The Michigan Department of Corrections is not required to immediately forward withdrawn funds totaling less than $10.00 to the State Attorney General's Office, but must take steps to make sure that the total amount withdrawn does not exceed the $845.25 in costs awarded against plaintiff. 28 U.S.C. § 1915(f)(2)(C).


Dated:  August 23, 2005             /s/  Joseph G. Scoville
                                    United States Magistrate Judge